**In re Richard Wayne ROBERTSON, Debtor.**

**No. 00–2607–DHW.**

United States Bankruptcy Court, M.D. Alabama.

Aug. 13, 2003.

Deborah G. Knight, Opelika, AL, for Debtor.

Davis B. Whittelsey, Opelika, AL, for Trustee/Movant.

James E. Bridges, III, Opelika, AL, for First American Bank.

Cecil M. Tipton, Jr., Opelika, AL, trustee.

## ORDER DENYING DEBTOR'S MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE

DWIGHT H. WILLIAMS, Bankruptcy Judge.

The debtor, Richard Wayne Robertson, filed a motion on July 2, 2003 by and through the trustee's attorney, Davis B. Whittelsey, for payment of $50,000 in administrative expenses. First American Bank filed an objection to the motion. The motion was set for hearing on August 5, 2003.

The motion requests compensation and reimbursement of expenses for assisting the trustee in a cause of action by the debtor and the trustee against Farmers National Bank of Opelika (now First American Bank).[1] The lawsuit was filed in the Circuit Court of Lee County, Alabama. The debtor purportedly spent hours preparing statements of fact for the complaint and amendments; attending depositions and meetings with counsel; gathering, organizing and reviewing documents; and appearing in court.

The trustee filed a motion to approve settlement in the amount of $500,000 of the trustee's claims against the bank. After notice and hearing, the settlement was approved. The *pro tanto* settlement did not embrace Robertson's individual claims against the bank.

Robertson contends that the estate would not have recovered on its claims but for his contribution and participation in the state court litigation. He requests an administrative claim under 11 U.S.C. § 503(b)(1)(A) in the amount of $50,000.[2]

■ Robertson, like all chapter 7 debtors, is eligible to receive a discharge of all of his indebtedness.[3] In return for this fresh-start opportunity, Congress casts upon the debtor certain duties. One of those duties is to cooperate with the trustee. Specifically, the debtor must "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." 11 U.S.C. § 521(3).

The Bankruptcy Rules echo this requirement: "In addition to performing other duties prescribed by the Code and rules, the debtor shall ... cooperate with the trustee in ... the administration of the estate." Fed. R. Bankr.Proc. 4002(4).

■ In order to establish an administrative claim under 11 U.S.C. § 503, the claimant must show that the expenses were 1) actual and necessary and 2) benefitted the estate. 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 503.06[3] (15th ed. rev.2001).

■ Administrative claims dilute the amount otherwise available to distribute to unsecured creditors. "The court is therefore required to construe strictly and narrowly 'the Bankruptcy Code provisions governing requests for priority payment of administrative expenses.'" *In re Lickman*, 273 B.R. 691, 697 (Bankr.M.D.Fla. 2002) (quoting *Woburn Associates v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 5 (1st Cir.1992)).

The court is impressed with the rationale expressed by Bankruptcy Judge Riddle in a case factually similar to the case at bar. *See In re Neese*, 137 B.R. 797 (Bankr.C.D.Cal.1992). Judge Riddle held in *Neese* that the value of the debtor's assistance, though beneficial to the trustee, was not a "necessary" expense because

---

1. The lawsuit stems from prepetition transactions between Robertson and First American Bank. Robertson, individually, prosecuted a count of the lawsuit seeking recovery of lost future profits and wages. It was Robertson's position, and apparently the trustee's, that lost future profits and wages were not property of the bankruptcy estate.

2. The Bankruptcy Code provision dealing with the allowance of administrative expenses provides:

(b) After notice and a hearing, there shall be allowed administrative expenses ... including—
  (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.
11 U.S.C. § 503(b)(1)(A).

3. An order of discharge entered in Robertson's chapter 7 case on June 7, 2003 (Docket entry # 200).

"those services were already pledged to the estate by the act of filing bankruptcy." *Id.* at 800; *see also In re Roco Corp.*, 37 B.R. 770, 773 (Bankr.D.R.I.1984).

▪ In the instant case, Robertson's assistance to the estate was no more than that required of him under the law. Indeed, had he not furnished his assistance, his discharge would have been placed in peril.

In addition to Robertson's statutory duty to cooperate with the trustee, the court notes that Robertson participated in the state court action in his own right and on his own behalf. As noted, Robertson asserted claims individually as a party plaintiff in addition to the trustee.[4] It follows that the contribution he made to prosecute the cause of action was as much for his own benefit as the estate's.

Finally, the court notes that when the trustee moved for approval of the *pro tanto* settlement with First American Bank, there was no hint of the debtor's intent to make a $50,000 claim on the settlement proceeds. The claim would necessarily dilute the dividend available to unsecured creditors of the estate. Without notice of the debtor's intent, unsecured creditors may have been lulled into accepting the settlement proposal. No objections to the settlement were filed.

For the foregoing reasons it is

ORDERED that Richard Wayne Robertson's motion for payment of an administrative expense in the amount of $50,000 is DENIED.

---

4. The debtor asserted claims for lost future    profits and wages.